| | | |
|---|---|---|
| STATE OF WYOMING | ] | IN THE DISTRICT COURT |
| | ]ss. | FIFTH JUDICIAL DISTRICT |
| COUNTY OF PARK | ] | CIVIL NO. **28343** |

**TRINITY TEEN SOLUTIONS, INC.**, a Wyoming Corporation;

    **Plaintiff,**

-vs-

**CLAIRE MALONE MATSON, CHANEL PLANDER, and MOLLIE NICOLE LYNCH,**

    **Defendants.**

PATRA LINDENTHAL
Clerk of District Court

FILED MAR 17 2016
by_____
          Deputy

## *COMPLAINT AND JURY DEMAND*

COMES NOW the Plaintiff Trinity Teen Solutions, Inc., by and through S. Joseph Darrah, and files its Complaint against Defendants as follows:

### *Facts Common to All Claims*

1. Plaintiff Trinity Teen Solutions, Inc. (TTS) is a Wyoming corporation which operates a Wyoming State Licensed Residential Treatment Center legally authorized to provide behavioral and mental health services in Park County, Wyoming.

2. TTS customers are parents of troubled teens who are generally fairly devout Christians, primarily of the Catholic faith. Trinity therefore, markets itself as having those values, functions and focus as a basis for its service.

3. TTS has provided successful Christian faith-based therapy to young ladies for 14 years. Trinity's treatment model is God-based and it clientele generally focus on

Christian based treatment facilities and Christian values when seeking services for their troubled teens.

4. Plaintiff's clientele come from all over the United States, and Plaintiff's primary referral source and source of contact is the World Wide Web.

5. Plaintiff's primary advertisement medium for its business is the World Wide Web.

6. Plaintiff has enjoyed a relationship with past clientele and medical providers who have referred potential customers of Plaintiff.

7. Plaintiff also has and continues to receive referrals from clergy or religious groups from across the country.

8. The potential customers of Plaintiff rely heavily upon the World Wide Web for reviews and recommendations when those potential customers research appropriate placement in a residential treatment facility for their at-risk child.

9. The events which give rise to this Complaint predominately took place in Park County, Wyoming and everywhere that Defendants published their slanderous statements repeatedly over the World-Wide web as alleged herein. The false statements made by Defendants as alleged herein, were directed at operations in Wyoming.

10. The amount in controversy exceeds $50,000.00.

11. Venue in this Court is proper, as the Defendants reside out of state and the events which give rise to this claim were directed at Park County, the harm occurred in Park County, and the events arose in part in Park County, Wyoming.

12. Defendant Matson is a resident of Florida and was formerly a resident of TTS. Defendant Matson also goes by the name "Malone M."

13. Defendant Plander is a resident of Thousand Oaks, California and was formerly a resident of TTS. Defendant Plander also goes by the name of "Chanel Plander" or "Chanel P."

14. Defendant Lynch is a resident of Milton, Florida and was formerly a resident of TTS for a period of several months. Defendant Lynch also goes by "Mollie L."

15. Defendant Matson has made it her mission to disparage and discredit the business and reputation of TTS through the publishing and re-publishing of knowingly false and defamatory statements about TTS which are intended to cause great harm. Said statements on the World Wide Web include but are not limited to the following:

   a. Placing a *Google Review* on the World-Wide Web containing the false statements expressed by Matson a true and accurate copy of which is attached hereto as Exhibit "1";

   b. E-mailing another person by making false and defamatory statements contained in Exhibit "2", a true and accurate copy of which is attached hereto;

   c. On or about March 4, 2016, Plaintiff discovered that Matson created a Facebook Group page called "Trinity Teen Solutions" whose goal is to destroy and malign TTS.

   d. Attached hereto as Exhibit "3" is a Yelp Review of TTS. The Review was printed off of the World Wide Web on March 14, 2016. The review by

"Malone M" is published by Matson and its content is blatantly false.

16. Defendant Plander has also made it her mission to disparage TTS with wildly false statements and innuendos which Plander knows are false. Plander likewise is involved in the Trinity Teen Solutions Facebook page which Plaintiff believes Matson created to recruit others in her mission to destroy TTS and it business.

17. The use of the Trinity Teen Solutions name by Matson has been without permission of Plaintiff, and has been used by Matson to mislead the public into believing that it is associated with TTS and it legitimate business to which Matson has no part.

18. Plander knowingly made the following false and derogatory statements about TTS:

   a. On or the TTS Yelp Review Web page printed on March 14, 2016, Plander made false statements contained in Exhibit 3 under the name "Michelle P";

   b. On February 10, 2016, Plander posted a false review on the Better Business Bureau Web Site. Said review is contained in Exhibit 4 attached hereto;

   c. On March 3, 2016, Plander posted another false review which is contained in Exhibit "5" which is attached hereto.

19. Attached hereto as Exhibit "6" is a positive testimonial written and posted by Plander under the moniker of C.P. Thousand Oaks, California" as "Testimonial 5" before any of the negative posts she has made. Said post is absolutely contrary to the negative posts that Planders now repeatedly has made on the World Wide Web.

20. Defendant Lynch has done the following in an effort to destroy TTS:

   a. It is Plaintiff's contention that Lynch has been instrumental in promoting a

web site on the World Wide Web called "Trinity Teen Solutions Survivors". On the web site, the web site owner has infringed upon Plaintiff's trade mark and trade dress in a deceiving manner because she has placed the TTS logo on that web page, leading the viewing public to falsely believe the site is associated with TTS. A true and accurate copy of said page is attached hereto as Exhibit "7".

b. On or about June 10, 2015, Lynch posted a lengthy letter containing significant and knowingly false statements on the so-called "Trinity Teen Solutions Survivor's Web Site she entitled "Mollie's Story." Said post is attached hereto as Exhibit "8". The statements made by Lynch were false and Lynch was aware they were false because she was previously a resident of Trinity Teen Solutions and should have known they were untrue.

c. On or about February 9, 2016, Lynch posted a false Yelp Review on the World Wide Web. Said review is posted under the psuedonym of "Mollie L." Said review is attached hereto as Exhibit "9". Lynch's latest review was only re-posted on that date because her previous Yelp Review of TTS, which was also profoundly false, was removed by Yelp as being inappropriate as a violation of Yelp's terms of service.

21. The statements made by Lynch recently are inconsistent and contrary to a review post she placed on the World Wide Web on October 12, 2012 actually praising TTS for the services she received. A true and accurate copy of said post is attached hereto as

Exhibit 10. In that very positive post, Lynch goes by the monicker of "Mollie L." The post demonstrates the knowing falsity of the recent posts by Lynch which are the subject matter of this suit.

22. Notwithstanding the praise given by Lynch in the past, Lynch has recently been working actively to destroy Plaintiff and its business relations in an effort to dissuade potential customers away from using Plaintiff's business.

23. The Defendants appear to have conspired and worked together in a concerted effort to destroy Plaintiff's business and to recruit others to their misguided cause. Attached hereto as Exhibit "11" is an example of such relationship of the Defendants on Yelp, whereby they show that the Defendants are "friends" with the other.

24. The actions of Defendants as aforesaid were intentional, wanton and malicious and were done with the specific intent of harming Plaintiff and adversely affecting Plaintiff's business relationships.

*First Claim for Relief: Libel Per Se*

25. Plaintiff incorporates by reference all previous allegations as if alleged herein.

26. Defendants, and each of them, have taken an active part in the initiation, continuation of knowingly false publications regarding Plaintiff, its owners, its services, employees and business.

27. The repeated false publications alleged herein were made concerning the Plaintiff, were intended to be made so, and were understood by those who read the publications.

28. All false publications made by Defendants disparaged the owners, accommodations, services and employees of Plaintiff, leaving the false impressions that Plaintiff's business is and was an unsafe and potentially dangerous place for vulnerable teens to be treated in an abusive and inhumane manner.

29. The false publications were made in order to dissuade potential customers with deep Christian values to believe that TTS was far from being a treatment facility which based its treatment on Christian based values, principles and methods.

30. The publications were intended to target potential customers which primarily were and are parents of troubled teens searching for residential treatment facilities for their children at a time when they are desperate to seek such help to save the life of their child.

31. Defendants' individual and collective false statements and conduct, as described in this Complaint constitute and attack on Plaintiff's corporate reputation and good will. These statements:

   a. Demean Plaintiff's competence as a residential treatment facility for adolescents;

   b. Disparage Plaintiff's integrity as a Christian faith-based facility because they falsely express and impute a callous disregard for the treatment and welfare of vulnerable juvenile patients, in-humane treatment of patients, and a program which is totally contrary to the values and treatment protocols of any reasonable residential youth treatment facility;

c. Were intended to, do, and have been interpreted by the receivers as, implying dishonesty, non-Christian values, and abusive conduct in Plaintiff's business affairs.

32. Defendants' individual and collective false publications as alleged herein were made without reasonable grounds for believing the truth as the Defendants themselves were residents of TTS and were well aware that their statements lacked any basis in fact.

33. The Defendant's false and repeated publications were made for a reason other than to protect the interest of prospective patients of Plaintiff, (being the target audience for such publications), in that the false statements were made for the purpose of persuading Plaintiff's potential customers to use other residential treatment facilities, or to not use residential treatment facilities at all.

34. The Defendants' statements, either collectively or individually, constitute libel per se in that such statements tend to hold Plaintiff up to hatred, contempt, ridicule and scorn in its business and in the Christian community.

35. As a consequence of Defendants repeatedly published false statements, Plaintiff has suffered:

a. Loss of business;

b. Loss of good will;

c. Loss of customers;

d. Damages related to the amount of time that Plaintiff and its staff members are required to field inquiries and to attempt to correct the concerns and related

      inquiries raised by Parents whose children are considering utilizing the residential treatment services but have reservations as a result of the false statements made by Defendants;

e.   Loss of time attempting to eliminate or have the negative false statements pulled from the World Wide Web;

f.   The republication of the false statements every time a parent is researching a residential treatment center placement for their child.

36.   Plaintiff has suffered pecuniary losses, unnecessary expense, shame and humiliation, loss of reputation, loss of business, loss of good will, unnecessary attorneys fees and expenses and a loss of its time which will be proven at trial.

37.   Defendants' individual and collective acts will cause Plaintiff to be irreparably injured in an amount as of yet unascertained unless Defendants, and each of them are restrained from posting false information, are required to remove all false and disparaging posts they have made or will continue to make on the World Wide Web, and to cease in contacting past, present and future employees and customers of TTS either via the internet, e-mail, social media or other electronic means.

38.   Because the conduct of Defendants was intentional, outrageous and in reckless disregard for the rights of Plaintiff, exemplary damages should be awarded in an amount to deter such future conduct and to protect society from Defendants.

*Second Claim for Relief: Interference with Prospective Economic Advantage*

39.   Plaintiff incorporates by reference all previous allegations as if alleged herein.

40. Plaintiff has an ongoing business relationship with past, present and former customers of Plaintiff, faith based organizations, and medical providers who have referred potential patients to Plaintiff.

41. Plaintiff has a prospective economic relationship with customers who use the World Wide Web to research appropriate placement for their troubled adolescent children in a time when the need for such services are very great.

42. The potential customers of Plaintiff rely heavily upon the World Wide Web for reviews and recommendations when those potential customers research appropriate placement in a residential treatment facility for their troubled child.

43. By issuing and publishing the false statements on the World Wide Web as alleged herein to all potential customers and referral sources of Plaintiff in the United States, Defendants collectively and individually have intentionally interfered with Plaintiff's ongoing business relationships and prospective economic advantage with the specific knowledge and intent that making such false statements would destroy those relationships and prospective advantage.

44. Defendants, through their published statements, have intentionally and wrongfully induced customers and potential customers from seeking the services that Plaintiff provides to teens and have prevented the attainment of prospective economic advantage.

45. Plaintiff was and is continuing to be damaged and suffered a disrupted expectancy as a direct result of Defendants' actions and misconduct.

46. In making the false statements and engaging in the misconduct as alleged herein, Defendants individually and collectively acted wrongfully and with malice, oppression, and in conscious disregard of the right of Plaintiff and with knowledge that the statements were false.

47. In communicating the egregious and false statements as alleged herein, Defendants were not attempting to protect any legitimate economic or other interest they have or did have, as their singular goal has been the destruction of TTS business relationships.

48. As a result of Defendant's misconduct, Plaintiff has suffered considerable loss of business relationships, good will, and future business relationships.

49. Because the conduct of Defendants was intentional, outrageous and in reckless disregard for the rights of Plaintiff, exemplary damages should be awarded in an amount to deter such future conduct and to protect society from Defendants.

*Third Claim for Relief: Civil Conspiracy*

50. Plaintiff incorporates by reference all previous allegations as if alleged herein.

51. Defendants have unlawfully conspired to develop a plan to wrongfully cause the parents of troubled teens to look elsewhere for residential treatment facilities as alleged above.

52. Defendants have perpetrated a plan to use the World Wide Web as an illegitimate means to individually and collectively post false and seriously demeaning statements on various web sites, and social media, including a closed group page on Facebook whereby they have likewise misappropriated the Trinity Teen Solutions name and

logo.

53. Defendants have intended to use the World Wide Web for an illegitimate purpose with the ultimate goal of causing Plaintiff great harm as a result of potential customers being dissuaded from utilizing the services of Plaintiff.

54. Defendants' individual and collective statements were and are knowingly false and do not come close to meeting the definition of protected speech or expression.

55. Plaintiff has suffered pecuniary losses, unnecessary expense, shame and humiliation, loss of reputation, loss of business, loss of good will, unnecessary attorneys fees and expenses and a loss of its time and expense which will be proven at trial.

56. Because the conduct of Defendants was intentional, outrageous and in reckless disregard for the rights of Plaintiff, exemplary damages should be awarded in an amount to deter such future conduct and to protect society from Defendants.

WHEREFORE, Plaintiff demands Judgments against Defendants, jointly and severally as follows:

a. For Compensatory damages;

b. For pecuniary losses, including lost time, loss of business, loss of good will, expenses related to addressing the false statements, travel expenses, attorneys fees, expenses and costs;

c. For attorneys fees, cost and expenses as may be allowed and associated with the claims alleged herein;

d. For exemplary damages, including attorneys fees and costs;

e. For affirmative relief which mandates that Defendants or anyone acting on the behalf of Defendants be required to remove any false and/or defamatory statements about Plaintiff, its owners, employees and/or services as published on the World Wide Web, social media, electronic means or otherwise, and to periodically report and demonstrate compliance of the same to the Court.

f. For affirmative relief which enjoins Defendants or any third party acting on behalf of Defendants from posting false and defamatory statements on the World-Wide web, social media, and other electronic means of or concerning Plaintiff, its owners, employees, accommodations and services.

g. For affirmative relief which enjoins Defendants or any third party acting on behalf of Defendant from communicating with past or future patients or patient families of TTS in a false or defamatory manner regarding TTS, its employees, owners, accommodations or services through the World Wide Web, Social media or other electronic means and to periodically report compliance with the Court.

h. For any other relief the Court deems just and equitable in the premises.

DARRAH LAW OFFICE, P.C.

By
S. Joseph Darrah, WSB#6-2786
Attorney for Plaintiff
254 E. 2nd Street
Powell, WY 82435
(307)754-2254

STATE OF WYOMING } ss
COUNTY OF PARK }
I certify that the foregoing is a true copy of the original on file in this office.
Dated APR 2 8 2016
PATRA LINDENTHAL
Clerk of District Court
By
Deputy