Patrick J. Murphy, W.S.B. No. 5-1779
David E. Shields, W.S.B. No. 7-4718
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
Casper, Wyoming 82602
Telephone: (307) 265 0700
Facsimile: (307) 266 2306
pmurphy@wpdn.net
dshields@wpdn.net

Robert L. Powley (Attorney-in-Charge)
New York State Bar No. 2467553
(pro hac vice motion to be filed)
Thomas H. Curtin
New York State Bar No. 2122364
(pro hac vice motion to be filed)
Patrick B. Monahan
New York State Bar No. 4681573
(pro hac vice motion to be filed)

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRINITY TEEN SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLAIRE MALONE MATSON, CHANEL PLANDER, AND MOLLIE NICOLE LYNCH, <br><br> Defendants. | Civil Action No. 1:16-cv-00110-NDF |

**DEFENDANT CLAIRE MALONE MATSON'S ANSWER TO COMPLAINT**

Defendant Claire Malone Matson (hereinafter referred to as "Defendant") answers Plaintiff's Complaint as follows:

## FACTS COMMON TO ALL CLAIMS

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 1 and therefore denies same.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 2 and therefore denies same.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 3 and therefore denies same.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 4 and therefore denies same.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 5 and therefore denies same.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 6 and therefore denies same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 7 and therefore denies same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 8 and therefore denies same.

9. Defendant admits that Defendant made statements regarding Plaintiff's operations in Park County, Wyoming and, except as so admitted, denies each and every remaining allegation set forth in paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 10 and therefore denies same.

11. Defendant denies Plaintiff's allegations in paragraph 11.

12. Defendant admits Plaintiff's allegations in paragraph 12.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 13 and therefore denies same.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 14 and therefore denies same.

15.     Defendant denies Plaintiff's allegations in paragraph 15.

    a. Defendant admits posting the Google Review attached as Exhibit 1 to the Complaint, which speaks for itself, and, except as so admitted, denies each and every remaining allegation set forth in paragraph 15(a).

    b. Defendant admits sending the email attached as Exhibit 2 to the Complaint, which speaks for itself, and, except as so admitted, denies each and every remaining allegation set forth in paragraph 15(b).

    c. Defendant admits creating the Facebook Group page entitled "Trinity Teen Solutions". Defendant lacks knowledge or information sufficient to form a belief as to when Plaintiff discovered said Facebook Group page. Except as so admitted and denied based upon lack of knowledge or information, Defendant denies each and every remaining allegation set forth in paragraph 15(c).

    d. Defendant admits posting the Yelp review attached as Exhibit 3 to the Complaint, which speaks for itself, and lacks knowledge or information sufficient to form a belief as to when the Yelp review was printed off the World Wide Web. Except as so admitted and denied based upon lack of knowledge or information, Defendant denies each and every remaining allegation set forth in paragraph 15(d).

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 16 and therefore denies same.

17.     Defendant denies Plaintiff's allegations in paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 18 and each of its subparts and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 19 and therefore denies same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 20 and each of its subparts and therefore denies same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 21 and therefore denies same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 22 and therefore denies same.

23. Defendant denies Plaintiff's allegations in paragraph 23.

24. Defendant denies Plaintiff's allegations in paragraph 24.

### FIRST CLAIM FOR RELIEF: LIBEL PER SE

25. In response to paragraph 25, Defendant incorporates by reference her responses to paragraphs 1-24 as if fully set forth herein.

26. Defendant denies Plaintiff's allegations in paragraph 26.

27. Defendant denies Plaintiff's allegations in paragraph 27.

28. Defendant denies Plaintiff's allegations in paragraph 28.

29. Defendant denies Plaintiff's allegations in paragraph 29.

30. Defendant denies Plaintiff's allegations in paragraph 30.

31. Defendant denies Plaintiff's allegations in paragraph 31.

    a. Defendant denies Plaintiff's allegations in paragraph 31(a).

    b. Defendant denies Plaintiff's allegations in paragraph 31(b).

    c. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding the interpretation by third parties of any statements attributable to Defendant. Except as so stated, Defendant denies each and every remaining allegation set forth in paragraph 31(c).

32. Defendant denies Plaintiff's allegations in paragraph 32.

33. Defendant denies Plaintiff's allegations in paragraph 33. Defendant affirmatively avers that her statements were intended to share with others her experiences at Plaintiff's facilities; to reconnect with fellow former patients of Plaintiff's services in order to form a support network for each other; and to advise potential patients and their families of Defendant's own experiences at Plaintiff's facilities.

34. Defendant denies Plaintiff's allegations in paragraph 34.

35. Defendant denies Plaintiff's allegations in paragraph 35 and each of its subparts.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 36 and therefore denies same.

37. Defendant denies Plaintiff's allegations in paragraph 37.

38. Defendant denies Plaintiff's allegations in paragraph 38.

## SECOND CLAIM FOR RELIEF:
## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

39. In response to paragraph 39, Defendant incorporates by reference her responses to paragraphs 1-38 as if fully set forth herein.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 40 and therefore denies same.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 41 and therefore denies same.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 42 and therefore denies same.

43. Defendant denies Plaintiff's allegations in paragraph 43.

44. Defendant denies Plaintiff's allegations in paragraph 44.

45. Defendant denies Plaintiff's allegations in paragraph 45.

46. Defendant denies Plaintiff's allegations in paragraph 46.

47. Defendant denies Plaintiff's allegations in paragraph 47 and affirmatively avers that her statements were intended to share with others her experiences at Plaintiff's facilities; to reconnect with fellow former patients of Plaintiff's services in order to form a support network for each other; and to advise potential patients and their families of Defendant's own experiences at Plaintiff's facilities.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 48 and therefore denies same.

49. Defendant denies Plaintiff's allegations in paragraph 49.

### THIRD CLAIM FOR RELIEF: CIVIL CONSPIRACY

50. In response to paragraph 50, Defendant incorporates by reference her responses to paragraphs 1-49 as is fully set forth herein.

51. Defendant denies Plaintiff's allegations in paragraph 51.

52. Defendant denies Plaintiff's allegations in paragraph 52.

53. Defendant denies Plaintiff's allegations in paragraph 53.

54. Defendant denies Plaintiff's allegations in paragraph 54.

55. Defendant denies Plaintiff's allegations in paragraph 55.

56. Defendant denies Plaintiff's allegations in paragraph 56.

### DEMAND FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in paragraphs (a) – (h) of its demand for relief, or to any relief whatsoever from Defendant. Defendant specifically denies committing, or being liable for, any act of libel per se, interference with prospective economic advantage, or civil conspiracy.

## **AFFIRMATIVE DEFENSES**

1. In addition to the denials made above, Defendant asserts the following affirmative defenses and reserves the right to assert additional affirmative defenses as they become known through discovery in this matter.

2. Plaintiff's Complaint fails to state a claim for which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, by the failure to allege facts sufficient to state a claim for damages.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages.

5. Any damages suffered by Plaintiff were not caused by Defendant but attributable to Plaintiff's own actions or omissions and/or the actions of third parties.

6. Assuming Plaintiff suffered any damages, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate said damages.

7. Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements made by Defendant about Plaintiff were and are true.

8. Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements made by Defendant about Plaintiff were merely statements of opinion.

9. Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements made by Defendant about Plaintiff constituted fair comment.

10. Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory statements made by Defendant about Plaintiff were made pursuant to a qualified privilege.

11. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

12. Plaintiff's claims are barred, in whole or in part, because Defendant lacked the requisite knowledge of Plaintiff's alleged existing contracts and/or prospective business advantages.

13. The relief Plaintiff seeks would constitute a violation of Defendant's U.S. and Wyoming constitutional rights to free speech and freedom of association.

14. The actions of Defendant were taken in good faith, and Defendant did not knowingly, intentionally, or maliciously violate any laws.

15. Plaintiff's claims are barred, in whole or in part, by laches.

16. Plaintiff's claims are barred, in whole or in part, by fair use.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant requests the following relief upon final hearing of this matter:

A. Plaintiff receives no relief arising from the allegations in the Complaint;

B. The Court dismisses this lawsuit with prejudice;

C. The Court award Defendant her costs and reasonable attorneys' fees incurred in connection with this action;

D. The Court grant Defendant any additional relief to which Defendant is justly entitled.

DATED this 16th day of May, 2016.

                        CLAIRE MALONE MATSON,

                        Defendant

By: /s/ Patrick J. Murphy
Patrick J. Murphy, W.S.B. No. 5-1779
David E. Shields, W.S.B. No. 7-4718
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
Casper, Wyoming 82602
Telephone: (307) 265 0700

Facsimile: (307) 266 2306
pmurphy@wpdn.net
dshields@wpdn.net

Robert L. Powley (Attorney-in-Charge)
New York State Bar No. 2467553
(*pro hac vice* motion to be filed)
Thomas H. Curtin
New York State Bar No. 2122364
(*pro hac vice* motion to be filed)
Patrick B. Monahan
New York State Bar No. 4681573
(*pro hac vice* motion to be filed)

POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 202
New York, New York 10013
Telephone: (212) 226 5054
Facsimile: (212) 226 5085
rlpowley@powleygibson.com

thcurtin@powleygibson.com
pbmonahan@powleygibson.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 16th day of May, 2016.

| | |
|---|---|
| S. Joseph Darrah<br>Darrah Law Office, P.C.<br>254 E. 2nd Street<br>Powell, WY 82435<br>joey@darrahlaw.com | [ x ] CM/ECF Electronic Transmission<br>[ ] U. S. Mail (prepaid)<br>[ ] Overnight Delivery<br>[ ] Hand Delivery<br>[ ] Electronic Mail |

/s/Patrick J. Murphy
Patrick J. Murphy