## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

**TRINITY TEEN SOLUTIONS, INC., a**
**Wyoming Corporation,**

     **Plaintiff,**

  **-vs-**

**CLAIRE MALONE MATSON,**
**CHANEL PLANDER, and MOLLIE**
**NICOLE LYNCH,**

     **Defendants.**

Civil Action No. 1:16-cv-00110-NDF

### JOINT CASE MANAGEMENT PLAN

    **1. The names of counsel who attended the Rule 26(f) meeting and assisted in developing the Case Management Statement.**

    **Response:** S. Joseph Darrah, William Simpson and Larry Jones on behalf of Plaintiff;

Thomas H. Curtin, Matthew F. Abbott and Patrick B. Monahan on behalf of Defendants.

    **2.   A list of the parties in the case, including any parent corporations or entities (for recusal purposes).**

    **Response:** The list of parties is as is contained on the caption.

    **3.   A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.**

    **Plaintiff's Response:** Plaintiff alleges that the Defendants were patients at Trinity Teen

Solutions which is a faith based residential treatment facility in Clark, Wyoming.   After

Defendants graduated from the program, they spoke very highly of their stay at the program.

Recently, the Defendants have been posting false statements on the internet about their stays at

Trinity.   They have also actively attempted to recruit other former patients in an effort to destroy the business of Trinity and have actively encourages others not to allow their daughters to become patients at Trinity.

**Defendants' Response:** Defendants deny the accusations of Plaintiff but agree that this case concerns statements posted on the Internet regarding Defendants' experiences at Plaintiff's business.

**4.   A statement describing the basis for jurisdiction and citing specific jurisdictional statutes.   If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute.   The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.**

**Response:**   Because of a concern about the jurisdictional amount, Plaintiff filed suit in State District Court. In its State District Court Complaint, Plaintiff alleged the amount in controversy exceeded $50,000.00. (Docket Entry 2, ¶ 10) The parties are diverse in that the Plaintiff operates in Wyoming and has headquarters in Wyoming and Defendants all reside outside of Wyoming. Defendants removed the case to the United States District Court for the District of Wyoming on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a), which was ordered by this Court on May 5, 2016. (Docket Entry 3)

**5.   A list of any parties who have not been served, and an explanation of why they have not been served.   Also a list of any parties who have been served, but have not answered or otherwise appeared.**

**Response:**   All Defendants have been served and have answered the Complaint.

**6.   A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).**

**Response:**   From Plaintiff's perspective, at the present time, it is not known whether any

additional parties will need to be joined as defendants. Plaintiff does allege a civil conspiracy. Discovery may reveal more potential defendants which may need to be joined as co-conspirators or active participants in the subject matter claims which give rise to this case. Defendants do not anticipate adding any additional parties.

**7. Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.**

**Response:** The parties agree that some issues may be subject to a dispositive motion.

**8. The nature and type of discovery each party intends to pursue and, whether discovery is an issue and whether the discovery should be limited in any manner.**

**Response:** The parties anticipate that each side may pursue in excess of 10 depositions in this case and will seek the leave of this Court in the event more than 10 depositions each are sought. The exact number of depositions is unknown at present until written discovery is completed. The parties will also tender formal written discovery. In addition to the depositions of Plaintiff's representatives, Defendants may issue subpoenas to take testimony and collect documents from third parties including, without limitation, former patients and staff of Plaintiff's facility and well as regulatory and licensing authorities in Wyoming.

**9. The status of related cases pending before other courts or other judges of this Court.**

**Response:** The parties are not aware of any related cases pending before other courts or other judges of this Court.

**10. Proposed specific dates for each of the following, keeping in mind that trial should occur within nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.**

**a. Dates for full and complete expert disclosures under Federal Rule of**

**Civil Procedure 26(a)(2)(A)-(C)**: Approximately October 12, 2016 with reports due on November 11, 2016, and rebuttal reports due on December 12, 2016, with all expert discovery completed and depositions taken on or before February 13, 2017.

    b.    **A deadline for the completion of fact discovery**: February 13, 2017.

    c.    **A deadline for filing dispositive motions**: February 13, 2017.

    d.    **A date for a dispositive motion hearing**: March 24, 2017.

    e.    **A date for the final pretrial conference**: May 1, 2017 or May 2, 2017.

    f.    **A date for trial**: No earlier than May 15, 2017.

**11.   The estimated length of trial and any suggestions for shortening the trial.**

**Response:**   The parties estimate approximately seven (7) days.   The parties will attempt to stipulate to foundation and relevancy of exhibits prior to trial.

**12. The prospects for settlement, including any request of the Court for assistance in settlement efforts.**

**Response:** Until initial discovery is completed, the prospects of settlement are unknown. The parties express an interest in having the Magistrate Judge serve as mediator at some point.

**13.   Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.**

**Response:**   The parties will continue to work in a cooperative manner.   Because of patient privacy issues of the Defendants and other third party patients who likely will be witnesses, the parties are in the process of working out a stipulated protective order of confidentiality for the Court's consideration.   The parties likewise may take several trial depositions as well.

Respectfully submitted,


  \s\ _____          /s/ Patrick J. Murphy_____

Larry B. Jones                          Patrick J. Murphy, W.S.B. No. 5-1779
William L. Simpson                      David E. Shields. W.S.B. No. 7-4718
**BURG SIMPSON ELDREDGE HERSH**          **WILLIAMS, PORTER, DAY &**
**& JARDINE, P.C.**                      **NEVILLE, P.C.**
1135 14th Street                        159 No. Wolcott, Suite 400
P.O. Box 490                            P.O. Box 10700
Cody, Wyoming 82414                     Casper, Wyoming 82602
Telephone: (307) 527-7891               Telephone: (307) 265-0700
Facsimile: (307) 527-7897               pmurphy@wpdn.net
BSimpson@burgsimpson.com                dshields@wpdn.net
LJones@burgsimpson.com
                                        and
And

S. Joseph Darrah                        Robert L. Powley (Attorney-in-Charge)
**DARRAH LAW OFFICE, P.C.**              New York State Bar No. 2467553
254 E. 2nd Street                       (*pro hac vice* motion to be filed)
Powell, Wyoming   82435                 Thomas H. Curtin
Telephone: (307) 754-2254               New York State Bar No. 2122364
Fax:   (307) 754-5656                   (*pro hac vice* motion to be filed)
joey@darrahlaw.com                      Patrick B. Monahan
                                        New York State Bar No. 4681573
                                        (*pro hac vice* motion to be filed)
ATTORNEYS FOR PLAINTIFF                  **POWLEY & GIBSON, P.C.**
TRINITY TEEN SOLUTIONS, INC.            304 Hudson Street, Suite 202
                                        New York, New York 10013
                                        Telephone: (212) 226-5054
                                        Facsimile: (212) 226-5085
                                        rlpowley@powleygibson.com
                                        thcurtin@powleygibson.com
                                        pbmonahan@powleygibson.com


                                        ATTORNEYS FOR DEFENDANTS
                                        CLAIRE MATSON MALONE, CHANEL
                                        PLANDER, AND MOLLIE NICOLE
                                        LYNCH