IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

TRINITY TEEN SOLUTIONS, INC.,

    Plaintiff,

v.

CLAIRE MALONE MATSON, CHANEL
PLANDER, AND MOLLIE NICOLE LYNCH,

    Defendants.

Civil Action No. 1:16-cv-00110-NDF

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, the Court having found that the parties are engaged in discovery and/or settlement discussions pursuant to Federal Rule of Evidence 408 that will likely involve the production or disclosure of confidential or proprietary business and/or personal health information and that should otherwise remain confidential and the private property and information of the parties;

**WHEREAS** Trinity Teen Solutions, Inc. ("Plaintiff") and Claire Malone Matson, Chanel Plander and Mollie Nicole Lynch ("Defendants") agree that certain information to be revealed in the course of this proceeding is of a confidential and/or proprietary nature; and

**WHEREAS** the parties to the above-captioned action (the "Action") have conferred and stipulated as to the provisions of a qualified protective order pursuant to 45 C.F.R. § 164.512(e)(v);

**UPON CONSIDERATION THEREOF**, this Court finds that entry of a protective order will expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject

to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that, for good cause shown, the following terms and conditions (the "Protective Order") shall govern the treatment of confidential documents and information produced or exchanged in this Action and any person subject to the Protective Order—including without limitation the parties to this Action, their representatives, agents, experts, consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of the Protective Order—shall adhere to the following terms:

1. The following definitions shall apply to this Protective Order:

    (a) "Party" or "Parties" shall mean and refer to any Party in the above-captioned proceeding including its employees.

    (b) "Document" or "documents" as used herein, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

    (c) "Confidential Information" shall mean documents or information that is not publicly available and that the producing Party deems in good faith to constitute sensitive or proprietary financial, technical, marketing, commercial or other business information or data that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

    (d) "Highly Confidential Information" shall mean information that is not publicly available and that the producing Party deems in good faith to constitute protected health information as defined in 45 C.F.R. § 160.103. "Highly Confidential Information" shall also mean, refer to and include all individually identifiable health information that is excluded under

subsection (2) of the definition of "Protected Health Information" found in 45 C.F.R. § 160.103.

(e) "Expert Consultant" shall mean any independent person, firm, or corporation retained or specially employed by outside counsel of record for any Party (or both Parties) to provide consulting or expert advice in connection with this Action who is not an employee of any Party, and who does not have any intended employment with any Party, and who may or may not be expected to be called as a witness at trial.

2. All Confidential and/or Highly Confidential Information disclosed in this case shall be used by the receiving Party and any Qualified Person identified in Paragraphs 5 and 6 below only for the purposes of settlement discussions, prosecution or defense of the Action (and any appeals thereof), with the exception that nothing herein shall prohibit either Party from using any Confidential and/or Highly Confidential Information to amend the pleadings in the Action based on information and belief or commence subsequent litigation proceedings based on information and belief. However, no documents from this Action containing Confidential and/or Highly Confidential Information may be produced, made of record or submitted as exhibits to pleadings or motions in any subsequent litigation proceedings, unless the documents containing Confidential and/or Highly Confidential Information are obtained pursuant to Paragraph 14 below or are obtained through discovery conducted in the subsequent litigation proceedings, in which case the documents containing Confidential and/or Highly Confidential information may be produced, made of record or submitted as exhibits to pleadings or motions subject only to any applicable Protective Order in the subsequent litigation proceedings.

3. Any Party, or non-party, that produces information orally during testimony at depositions or at trial, in writing, or through the production of documents or otherwise during the course of this Action, that it reasonably believes qualifies as Confidential Information and/or

Highly Confidential Information, may designate such documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, and the documents or information so designated shall thereafter be subject to the provisions of this Protective Order. Such designation shall be made by the producing Party at the time that a response to discovery is made by placing or affixing a designation of confidentiality in writing on documents containing such Confidential or Highly Confidential Information, except that in the case of depositions or hearings, the producing Party's counsel may designate portions of a deposition or hearing as Confidential or Highly Confidential by making an appropriate statement at the time of the giving of such testimony, or by making a blanket designation of the entire transcript as Confidential or Highly Confidential, at the time of commencement or anytime during such deposition or hearing, or within seven (7) business days after the deposition or hearing, subject to subsequent review and declassification of non-confidential portions, if any, of the transcript by the producing Party within thirty (30) days after receipt of such transcript by the producing Party. The producing Party's counsel shall notify counsel for the receiving Party of such declassification, if any, within such thirty (30) day period. If testimony at a deposition or hearing or any document being testified to is designated Confidential or Highly Confidential, only those persons who may have access to such information under the terms of the Protective Order may be in attendance to hear testimony. Any confidential designation that is inadvertently omitted during document production, in connection with a deposition or hearing, or in connection with any other discovery may be corrected by written notification to counsel, and such documents or information shall thereafter be treated in accordance with the provisions of this Protective Order.

    4. At any deposition, when counsel for a Party or counsel for the deponent deems that a question or the answer to a question will result in the disclosure of Confidential and/or Highly

Confidential Information, counsel shall have the option, in addition to any other steps rightly available under the Federal Rules of Civil Procedure or this Order, to request that all persons not authorized as a Qualified Person who have access to the appropriate category of information, be excluded from the deposition during the Confidential and/or Highly Confidential Information portion(s) of the deposition.

5. Documents and information designated as "Confidential" pursuant to Paragraph 3 above shall be limited in disclosure exclusively to Qualified Persons. "Qualified Persons" shall mean:

(a) The Parties;

(b) Counsel of record to each Party, and clerical, paralegal, and secretarial staff necessary to assist such counsel in the prosecution or defense of this Action, including third-parties requested by counsel to furnish services such as document coding, image scanning, mock trial, jury consulting, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(c) Expert Consultants retained by outside counsel of record for purposes of this Action or any proposed settlement agreement or settlement discussions, subject to the provisions contained in Paragraph 7 of this Protective Order;

(d) The Court and its personnel;

(e) Such other persons as may hereinafter be properly qualified to receive Confidential and/or Highly Information pursuant to subsequent order of the Court;

(f) Any authors or recipients of the Confidential (and/or Highly Confidential) Information;

(g) Witnesses who testify at trial and individuals deposed by either of the

Parties in this Action and have signed the declaration in the form attached hereto as Exhibit B before being shown Confidential Information. Confidential (and/or Highly Confidential) Information may be disclosed to a witness who has not signed the declaration only in a deposition at which the producing Party is represented or has been given notice that designated material produced by that Party may be used. Witnesses shown Confidential (and/or Highly Confidential) Information shall not be allowed to retain copies; and

(h) any other person to whom the Parties agree in writing, including any mediator.

6. Documents and information designated as "Highly Confidential" pursuant to Paragraph 3 above shall be limited in their disclosure exclusively to those persons specified in Paragraph 5(b), (c), (d), (e) (f), (g) and (h).

7. If outside counsel of record for a Party (or both of them) seeks to disclose to any Expert Consultant information that another Party has produced and designated as Confidential and/or Highly Confidential pursuant to Paragraph 3 of this Protective Order, the Expert Consultant shall first execute a copy of the declaration in the form attached hereto as Exhibit A.

8. Confidential and Highly Confidential Information shall be disclosed only to Qualified Persons identified in Paragraphs 5 or 6 above. Additionally, Confidential Information and Highly Confidential Information shall not be disclosed to any Qualified Person employed by either Party or to any third party, with the exception of the Qualified Persons identified in Paragraphs 5(a), 5(b), 5(c), and 5(d) above, until such Qualified Person executes a copy of the Declaration attached hereto as Exhibit B.

9. Outside counsel of record for each Party shall retain all declarations executed by any Qualified Person to whom it disclosed Confidential and/or Highly Confidential Information.

Executed declarations shall be subject to timely production pursuant to demand by the Party claiming Confidentiality and/or Highly Confidentiality.

10. Nothing in this Order shall bar or otherwise restrict a Party's counsel from rendering advice to his or her client with respect to the Action, and in the course thereof, from generally relying upon their examination of Confidential and/or Highly Confidential Information. In rendering such advice or in otherwise communicating with the Party, counsel shall not disclose the specific content of any Confidential and/or Highly Confidential Information to persons other than those identified in Paragraph 6 above.

11. In the event that the receiving Party shall at any time disagree with the producing Party's designation of any information or material as Confidential and/or Highly Confidential, the receiving Party shall give the producing Party written notice of said objection and state the basis for such objection. Thereafter, the Parties shall endeavor to arrive at an agreement that some or all of such information is or is not Confidential and/or Highly Confidential, and shall otherwise try in good faith to resolve such dispute on an informal basis. If the Parties are unable to resolve their dispute within seven (7) business days, the Party objecting to the designation may move or apply to the Court for such relief as it believes appropriate. The Court may then determine whether the documents or information should be considered Confidential and/or Highly Confidential, and, if so, may rule on what restrictions to access or disclosure should be imposed, if any. Until said dispute is resolved by the Court, the documents or information designated Confidential and/or Highly Confidential by the producing Party shall retain such confidential designation. On any motion brought before the Court by the receiving Party to remove a designation of confidentiality, the burden of proof and persuasion shall be on the producing Party to demonstrate to the Court that the documents or information disclosed by it should be treated as Confidential and/or Highly

Confidential. The prevailing Party on any such motion shall be entitled to receive its costs and attorneys' fees from the non-prevailing Party upon a finding by the Court that the positions taken by the non-prevailing Party were objectively unreasonable. If the receiving Party does not file a motion for a determination, and unless otherwise ordered by the Court, the challenged designation shall stand. No Party shall be obligated to challenge the propriety of the designation of confidentiality at the time of production, and a failure to do so shall not preclude a subsequent objection to the propriety of such designation.

12. Notwithstanding the disclosure or production of Confidential and/or Highly Confidential Information, the producing Party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate. The designation of Confidential and/or Highly Confidential Information pursuant to this Protective Order shall not create any presumption with respect to the confidential, proprietary or trade secret nature of any information, documents or things.

13. No Confidential and/or Highly Confidential Information shall be filed in the public record in the Action. All documents and information subject to confidential treatment in accordance with the terms of this Protective Order that are filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential and/or Highly Confidential Information, shall be filed under seal upon order of the Court, in accordance with Local Rule 5.1(g) of the U.S. District Court for the District of Wyoming. Where possible, only Confidential and/or Highly Confidential portions of filings with the Court shall be filed under seal. All pleadings or other documents filed under seal must be identified as "SEALED" in the title of the document.

14. The restrictions set forth in any of the preceding paragraphs shall not apply to

information or material that:

    (a)    was, is or becomes public knowledge, not in violation of this Protective Order; or

    (b)    is acquired by the non-designating Party from a non-party having the right to disclose such information or material.

15. Should any Party or Qualified Person, or their agents or representatives, receive notice of any subpoena or other compulsory process commanding disclosure of Confidential and/or Highly Confidential Information received from a producing Party in this Action, such Party or Qualified Person shall, if there are fewer than ten (10) days to comply, within two (2) days, or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, serve written notice of the request on outside counsel of record for the producing Party prior to responding to the request so that the producing Party may take any action deemed necessary and appropriate to protect its Confidential and/or Highly Confidential Information. It shall be the responsibility of the producing Party to obtain relief from the subpoena or order prior to the due date of compliance. In the event that the producing Party seeks relief from the Court, the Party or Qualified Person that received the request for Confidential and/or Highly Confidential Information shall not produce any Confidential and/or Highly Confidential Information until ordered by the Court to do so, and shall thereafter do so only insofar as the Court may direct, unless such person or Party concludes, upon advice of outside counsel of record, that failure to produce the Confidential and/or Highly Confidential Information requested would constitute a violation of lawful process.

16. Upon the final determination of this Action, whether by trial, appeal, settlement or other disposition, counsel of record for each Party who has received Confidential and/or Highly

Confidential Information shall assemble and return to the disclosing Party all such Confidential and/or Highly Confidential Information, including copies thereof that are in the possession of any Qualified Person, and all copies retained on all electronic media and backup media (including computer tapes), diskettes or other media, within one hundred twenty (120) days of said final determination. At the option of either party for each Party that produced Confidential and/or Highly Confidential Information, said Confidential and/or Highly Confidential Information may be destroyed in lieu of returning it to the disclosing Party. If a Party determines that it would be impractical to comply with the requirements of this Paragraph in regard to the destruction of Confidential and/or Highly Confidential Information stored in such Party's electronic archives including, without limitation, on its server backup tapes, then that Party agrees that any Confidential and/or Highly Confidential Information furnished to that Party by outside counsel shall not be transmitted by email, but may be transmitted as a hard copy, via facsimile or on a digital storage medium (e.g., CD-ROM, DVD or flash drive), and that the receiving Party shall not thereafter save or store electronic copies or versions of such Confidential and/or Highly Confidential information in such Party's electronic archives including, without limitation, servers, internal and external hard drives, SIM cards, DVDs, tablets and smartphones, nor shall the receiving party transmit such information by email. Within one hundred twenty (120) days of final determination of the Action, outside counsel of record for each Party shall certify in writing that either (a) all Confidential and/or Highly Confidential Information, has been destroyed in compliance with the requirements of this paragraph; or (b) all Confidential and/or Highly Confidential Information sent to that Party by outside counsel was transmitted by hard copy, facsimile or on a digital storage medium, that the receiving Party did not save, store or transmit such information by email at any time, and that all such information has been destroyed. Copies of

Here:
Content:

materials constituting the work product of such counsel of record, including, without limitation, memos, court filings, and deposition transcripts, that contain Confidential and/or Highly Confidential Information may be retained by outside counsel of record for each Party that received such documents and information. Counsel for each Party may retain a single set of documents produced by the opposing Party, and all other copies of such materials shall be returned to the disclosing Party or destroyed. The terms of this Protective Order shall apply to the retained copies.

17. The Court has and shall retain jurisdiction to make amendments, modifications and additions to this Order as the Court may from time to time deem appropriate. This Protective Order is without prejudice to the right of any Party to seek from the Court modification of or additions to any provision contained in it at any time after notice to the other Party. Any Party may apply to the Court for amendment of, modification of, or addition to this Protective Order at any time. This Protective Order shall survive the final determination of this Action and shall remain in full force and effect after the conclusion of all proceedings herein in order to provide a court with jurisdiction to enforce its terms and to insure compliance herewith.

18. Nothing contained herein shall preclude a disclosing Party from using or disseminating its own Confidential and/or Highly Confidential Information or from waiving any provision of this Protective Order with respect to any such documents or information produced by that Party.

19. Any non-party to this Action that provides documents or other information to any Party or Qualified Person during this Action shall be entitled to avail itself of the provisions and protections of this Protective Order by serving written notice on the Parties invoking the specific terms of this Protective Order and by making production consistent with it. By doing so, such non-party shall assume the duties and obligations imposed hereby. However, only the Parties and

the Qualified Persons specifically identified in this Protective Order are entitled to see Confidential and/or Highly Confidential Information produced by the non-party.

20. Should any Party obtain documents or information from a non-party to this Action, by subpoena or otherwise, that contains, or can reasonably be assumed to contain, Confidential and/or Highly Confidential information of another party, the receiving Party shall treat such documents or information as Confidential and/or Highly Confidential information under this Protective Order, unless the party that owns such Confidential and/or Highly Confidential information expressly releases in writing the receiving Party from the obligations under this Paragraph or unless otherwise ordered by the Court.

21. The Parties hereby further agree to reasonably cooperate to limit the burden on the Court in the introduction of material designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" by redacting such Confidential and/or Highly Confidential Information, through stipulation, or through other appropriate means with the objective that the case be tried, to the extent reasonably feasible, on an open record. Further, in order to facilitate the open exchange of information and limit the burden on the Parties, the Parties agree that there shall be no redaction of material designated as Confidential and/or Highly Confidential between the Parties' respective outside counsel of record (i.e., redactions are appropriate only when submitting such materials to the Court), except where the redaction contains privileged information or attorney or other protected work product.

22. Should any Party inadvertently produce documents subject to attorney-client privilege and/or work product protection, the producing Party may recall such documents by notifying the receiving Party in writing of the inadvertent production and the basis for the claim of attorney-client privilege and/or work product protection. Within five (5) business days of

receiving notice from the producing Party, the receiving Party shall either (1) return the originals and all copies made by the receiving Party of the documents identified in the notice; or (2) destroy the originals and all copies made by the receiving Party, as specified by the producing Party. The receiving Party shall not use or disclose the information subject to the claim of attorney-client privilege and/or work product protection and shall take reasonable steps to retrieve the information subject to the claim of attorney-client privilege and/or work product protection if the receiving Party disclosed that information before receiving notification from the producing Party. The receiving Party's obligation to return the inadvertently produced documents is without prejudice to the receiving Party's right, within the five (5) business day period, to present the information subject to the claim of attorney-client privilege and/or work product protection to the Court under seal for the purpose of challenging the producing Party's claim. The inadvertent production shall not be a basis for any finding that the attorney-client privilege and/or work product protection have been waived in connection with any such challenge to the producing Party's claim.

23. Nothing herein shall be construed to preclude disclosure of documents to any person to whom such documents were disclosed prior to entry of this Protective Order by the Court, provided such prior disclosure was not contrary to or in violation of this Protective Order or any other agreement between the Parties hereto.

Dated: December __, 2016

SO ORDERED

_____
NANCY D. FREUDENTHAL
United States District Judge

The parties to this Action hereby stipulate to the entry of this Order.

*[signature]*

S. Joseph Darrah
**DARRAH LAW OFFICE, P.C.**
254 E. 2nd Street
Powell, Wyoming 82435
Telephone: (307) 754-2254
Fax: (307) 754-5656
joey@darrahlaw.com

and

William L. Simpson
Larry B. Jones
**BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.**
1135 14th Street
P.O. Box 490
Cody, Wyoming 82414
Telephone: (307) 527-7891
Facsimile: (307) 527-7897
BSimpson@burgsimpson.com
LJones@burgsimpson.com

ATTORNEYS FOR PLAINTIFF TRINITY TEEN SOLUTIONS, INC.

*[signature]*

Patrick J. Murphy, W.S.B. No. 5-1779
David E. Shields, W.S.B. No. 7-4718
**WILLIAMS, PORTER, DAY & NEVILLE, P.C.**
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone: (307) 265-0700
pmurphy@wpdn.net
dshields@wpdn.net

and

Robert L. Powley (Attorney-in-Charge)
New York State Bar No. 2467553

Thomas H. Curtin
New York State Bar No. 2122364

Patrick B. Monahan
New York State Bar No. 4681573
**POWLEY & GIBSON, P.C.**
304 Hudson Street, Suite 202
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085
rlpowley@powleygibson.com
thcurtin@powleygibson.com
pbmonahan@powleygibson.com

ATTORNEYS FOR DEFENDANTS CLAIRE MATSON MALONE, CHANEL PLANDER, AND MOLLIE NICOLE LYNCH

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRINITY TEEN SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLAIRE MALONE MATSON, CHANEL PLANDER, AND MOLLIE NICOLE LYNCH, <br><br> Defendants. | Civil Action No. 1:16-cv-00110-NDF |

Under penalty of perjury, I declare the following to be true and correct:

(a)  I am not an employee of, or direct consultant to, any Party in the proceeding pending in the United States District Court for the District of Wyoming entitled *Trinity Teen Solutions, Inc. v. Claire Malone Matson, Chanel Plander, and Mollie Nicole Lynch*, Civil Action No. 1:16-cv-00110-NDF (the "Action"), and I do not have any employment or intended employment with any Party;

(b)  I have read the Protective Order dated December __, 2016, and entered in the Action and agree to be bound by all of the terms and conditions hereof and to subject myself to the jurisdiction of the Court for enforcement thereof;

(c)  I will limit the disclosure of Confidential and Highly Confidential Information within my own organization to those persons who are (i) reasonably necessary in support of the tasks explicitly delegated or assigned to such person in the context of the Action, and (ii) Qualified Persons;

(d)  I will have access solely to Confidential and Highly Confidential Information that,

in the judgment of outside counsel of record for the Party by whom I have been retained, is reasonably necessary to permit me to render my expert services and will use any Confidential and Highly Confidential Information solely for purposes of the Action (and any appeals thereof) and for no other purpose whatsoever and shall not use said information or materials in any other or subsequent employment, engagement, or proceeding of any nature whatsoever;

(e) I will keep and maintain all Confidential and Highly Confidential Information in a safe and secure fashion in order to ensure that such documents or information are not made accessible to any person not qualified under this Protective Order to receive it; and

(f) I will, within sixty (60) days of the full and final termination of the Action (and any appeals or settlement thereof), return all Confidential and Highly Confidential Information then in my possession to outside counsel of record for the Party by whom I have been retained. Within said time period, I will also destroy all copies of Confidential and Highly Confidential Information containing any notes or other markings and all notes, abstracts, summaries, memoranda and other documents containing or making reference to any Confidential and Highly Confidential Information.

_____
Date

_____
Signature

_____
Name

_____
Title

_____
Address

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TRINITY TEEN SOLUTIONS, INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>CLAIRE MALONE MATSON, CHANEL PLANDER, AND MOLLIE NICOLE LYNCH,<br><br>          Defendants. | Civil Action No. 1:16-cv-00110-NDF |

Under penalty of perjury, I declare the following to be true and correct:

(a)    I am _____ [insert title] for _____, a Party (or Parties) in the proceeding pending in the United States District Court for the District of Wyoming, entitled *Trinity Teen Solutions, Inc. v. Claire Malone Matson, Chanel Plander, and Mollie Nicole Lynch*, Civil Action No. 1:16-cv-00110-NDF (the "Action");

(b)    I have read the Protective Order dated December ___, 2016, and entered in the Action and agree to be bound by all of the terms and conditions hereof and to subject myself to the jurisdiction of the Court for enforcement thereof;

(c)    In the absence of written permission from the opposing Party, or an order from the Court, I agree to hold in confidence all Confidential and Highly Confidential Information produced by the opposing Party and disclosed to me pursuant to the terms of the Protective Order and will use any Confidential and Highly Confidential Information produced by the opposing Party solely for purposes of this Action (and any appeals thereof) and for no other purpose

whatsoever;

  (d) I will keep and maintain all Confidential and Highly Confidential Information produced by the opposing Party in a safe and secure fashion in order to ensure that such documents or information are not made accessible to any person not qualified under this Protective Order to receive it; and

  (e) I will, within sixty (60) days of the full and final termination of the Action (and any appeals on settlement thereof), return all Confidential and Highly Confidential Information produced by the opposing Party then in my possession to outside counsel of record for the opposing Party.  Within said time period, I will also destroy all copies of Confidential and Highly Confidential Information containing any notes or other markings and all notes, abstracts, summaries, memoranda and other documents containing or making reference to any Confidential and Highly Confidential Information.

_____      _____
Date                     Signature

                        _____
                        Name

                        _____
                        Title

                        _____
                        Address

**CERTIFICATE OF SERVICE**

On December 8, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Wyoming, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____
Patrick J. Murphy